IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30352
Summary Calendar
_____

KENNETH W. GOODMAN,

                                    Plaintiff-Appellant,

                    versus

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-2366
_____

October 11, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kenneth Goodman appeals the district court's affirmance of the denial of his application for disability insurance benefits. He maintains that the Administrative Law Judge: (1) did not fully and fairly develop the record; (2) posed a hypothetical question to the vocational expert that was defective; (3) erred in finding that his work experience allowed him to perform semi-skilled work; and (4) improperly relied on the vocational expert's testimony that he could perform the listed occupations provided that a sit/stand option was permitted. He also contends that the Appeals Council should have remanded the case based on post-hearing evidence that he submitted.

Goodman's contention that the ALJ did not fully and fairly develop the record lacks merit. He was not prejudiced by the ALJ's finding that he had a good ability to demonstrate reliability.[1] Further, the ALJ was not obliged to order additional consultative examinations.[2]

The contention that the ALJ's hypothetical question to the vocational expert was defective likewise lacks merit. The hypothetical question posed to the vocational expert by the ALJ reasonably incorporates all disabilities of the claimant

---

[1]Carey v. Apfel, 230 F.3d 131 (5th Cir. 2000).

[2]Pierre v. Sullivan, 884 F.2d 799 (5th Cir. 1989).

recognized by the ALJ. Goodman and his representative were afforded an adequate opportunity to correct any real or asserted deficiencies in the ALJ's question.[3]

The next contention, that the ALJ erred in finding that Goodman's work experience allowed him to perform semi-skilled work, also lacks merit. The record reflects that the ALJ expressly relied on vocational expert testimony for his ruling that Goodman was capable of making an adjustment to work which existed in significant numbers in the national economy. The ALJ did not rely merely on Medical-Vocational Guideline 202.21.[4]

Goodman's further contention that the ALJ improperly relied on the vocational expert's testimony that he could perform the listed occupations provided that a sit/stand option was permitted, as were the other contentions, also lacks merit. The ALJ did not find that Goodman required a sit/stand option.

Finally, Goodman's contention that the Appeals Council should have remanded the case based on post-hearing evidence is devoid of merit. There is no basis for the claim that the alleged "new evidence" related to the period on or before the date of the ALJ hearing decision.[5]

---

[3]Bowling v. Shalala, 36 F.3d 431 (5th Cir. 1994).

[4]Carey, 230 F.3d at 147.

[5]20 C.F.R. § 404.970(b).

The judgment of the district court is AFFIRMED.